## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**ELECTRONIC FRONTIER
FOUNDATION,**
815 Eddy Street
San Francisco, California 94109,

                Plaintiff,

      v.

**U.S. DEPARTMENT OF HOMELAND
SECURITY,**
245 Murray Lane, S.W.
Washington, DC 20528,

**U.S. IMMIGRATION AND CUSTOMS
ENFORCEMENT,**
500 12th Street, S.W.
Washington, DC 20536,

                Defendants

Civil Action No.

## <u>COMPLAINT FOR INJUNCTIVE RELIEF</u>

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief. Plaintiff Electronic Frontier Foundation ("EFF") seeks the expedited processing and release of records Plaintiff requested from Defendants U.S. Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") concerning the agencies' use of administrative subpoena authority under 19 U.S.C. § 1509 to compel technology companies and internet service providers to disclose the identities and personal information of anonymous social media users and others who have criticized or monitored immigration enforcement activities. The requested records concern an "actual or alleged [f]ederal [g]overnment activity" about which there is an "urgency to inform the public,"

and the request was "made by a person primarily engaged in disseminating information."  5

U.S.C. § 552(a)(6)(E)(v)(II).

## JURISDICTION AND VENUE

2.      This Court has both subject matter jurisdiction over this action and personal

jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction

pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

3.      Plaintiff EFF is a nonprofit civil liberties organization founded in 1990 and

headquartered in San Francisco, California.  EFF is primarily engaged in disseminating

information to the public on issues at the intersection of technology, privacy, and civil liberties.

EFF maintains a widely read website and blog, publishes legal analyses, technical guides, and

policy reports, and regularly provides information to journalists, policymakers, attorneys, and the

public.  EFF uses the FOIA to obtain and disseminate information concerning the activities of

federal agencies.

4.      Defendant DHS is a Department of the Executive Branch of the United States

Government and is an "agency" within the meaning of 5 U.S.C. § 552(f).  DHS has possession,

custody, and control of records to which Plaintiff seeks access.

5.      Defendant ICE is a component of Defendant DHS and is an "agency" within the

meaning of 5 U.S.C. § 552(f).  ICE is headquartered in Washington, DC.  ICE has possession,

custody, and control of records to which Plaintiff seeks access.

## DEFENDANTS ISSUE ADMINISTRATIVE SUBPOENAS TO UNMASK CRITICS

6.      Section 1509 of the Tariff Act of 1930, 19 U.S.C. § 1509, authorizes U.S.

Customs and Border Protection ("CBP") and ICE to issue administrative summonses to compel

the production of records for purposes of determining liability for customs duties, taxes, fees, and other monetary obligations arising from the importation of merchandise into the United States.

7.    Beginning in early 2025 and continuing to the present, DHS and ICE have issued administrative subpoenas under 19 U.S.C. § 1509 to technology companies, internet platforms, and service providers, including Google, Meta, Reddit, and Discord, demanding the production of identifying information — including names, email addresses, IP addresses, and device identifiers — for anonymous or pseudonymous social media accounts.  The subpoenas have targeted individuals and accounts that have criticized, monitored, or reported on federal immigration enforcement activities.

8.    The individuals and accounts targeted include community watch pages monitoring ICE activity, social media users sharing information about immigration enforcement operations, attendees at political protests, and persons who communicated directly with DHS officials.  In one documented instance, a subpoena was issued to Google within hours after a private citizen sent an email to an ICE attorney; federal agents subsequently appeared at the individual's home.

9.    The subpoenas are issued without prior judicial authorization and without notice to the persons whose information is sought.  Recipients may move to quash, but DHS and ICE have repeatedly withdrawn subpoenas before any court could rule on their legality, thereby evading judicial review.  No court has sustained the use of 19 U.S.C. § 1509 authority in this context.

10.    The number of administrative subpoenas sent by DHS and ICE to technology companies and internet service providers to unmask individuals engaging in protected speech is

not publicly known. These services receive subpoenas from a variety of public and private entities, including from litigants in civil courts, grand juries, criminal proceedings, and state and federal agencies. Not all the companies targeted by DHS and ICE disclose how many subpoenas they receive. And the services that disclose do not break down the type of subpoena received, including those issued under 19 U.S.C. § 1509.

11.   In 2017, CBP used the same statutory authority to issue an administrative subpoena to Twitter seeking the identity of an anonymous account associated with a DHS employee.  CBP withdrew the subpoena within 24 hours of Twitter filing a lawsuit challenging it.  The DHS Office of Inspector General subsequently found that CBP officials demonstrated a widespread lack of understanding of the statute's scope and limitations.

12.   The use of 19 U.S.C. § 1509 administrative subpoenas to unmask anonymous social media critics of ICE has been reported extensively in the press, has prompted open letters from civil liberties organizations, and has drawn scrutiny from Members of Congress.  On March 2, 2026, twenty-eight Members of Congress, led by Representatives Robin Kelly and Pramila Jayapal, wrote to the chief executive officers of ten major technology companies demanding information about their responses to DHS subpoenas and urging them to require court orders before complying with future demands.

13.   The public record concerning the legal authority for, scope of, and internal justification for DHS's and ICE's administrative subpoena program is materially incomplete. The policies, directives, and authorization records governing the program have not been disclosed.  The legal basis asserted by DHS and ICE for using a customs statute to compel disclosure of information about persons engaged in constitutionally protected speech and association has not been made public.

**PLAINTIFF'S FOIA REQUEST AND REQUEST FOR EXPEDITED PROCESSING**

14.    By submission dated March 13, 2026, sent to DHS and ICE via the SecureRelease portal (Request No. 2026-ICFO-20539), Plaintiff requested the following categories of records from Defendants, created on or after January 20, 2025:

(1) All policies, directives, guidance documents, or legal memoranda governing the use of administrative subpoena or summons authority under 19 U.S.C. § 1509 for purposes other than determining liability for customs duties, taxes, fees, or forfeitures, including any use directed at obtaining identifying information about social media users, internet account holders, or participants in political activities;

(2) All records reflecting the authorization, approval, or legal review of the decision to use 19 U.S.C. § 1509 administrative subpoenas to compel technology companies, internet platforms, or service providers to disclose identifying information about social media users or internet account holders;

(3) Records sufficient to show the total number of administrative subpoenas or summonses issued by DHS or ICE to technology companies, internet platforms, or service providers pursuant to 19 U.S.C. § 1509 from January 20, 2025 to the date of processing;

(4) All records concerning the use of third-party lists, databases, or compilations — including but not limited to lists maintained by Canary Mission or other organizations — to identify targets for administrative subpoenas issued under 19 U.S.C. § 1509;

(5) All records reflecting any review, audit, criticism, or assessment by the DHS Office of Inspector General of the use of 19 U.S.C. § 1509 authority outside the customs

context, including any records relating to the 2017 review of CBP's use of subpoena authority against a Twitter account; and

(6) All communications between DHS or ICE officials and representatives of any technology company, internet platform, or internet service provider concerning the issuance, compliance with, or withdrawal of administrative subpoenas under 19 U.S.C. § 1509 from January 20, 2025 to the date of processing.

15.    In its March 13, 2026 submission, Plaintiff formally requested that the processing of its request be expedited because the request concerns an actual or alleged federal government activity about which there is an urgency to inform the public, and the request was made by a person primarily engaged in disseminating information.  5 U.S.C. § 552(a)(6)(E)(v)(II); 6 C.F.R. § 5.5(e)(1)(ii).  Plaintiff certified this statement as true and correct to the best of its knowledge and belief.  5 U.S.C. § 552(a)(6)(E)(vi).

16.    Plaintiff also requested treatment as a representative of the news media and a waiver of all fees associated with the processing and release of the requested records.

17.    Defendants received Plaintiff's FOIA request and request for expedited processing on March 13, 2026, the date of submission via the SecureRelease portal.

18.    The ten-calendar-day statutory deadline for Defendants to respond to Plaintiff's request for expedited processing expired on or about March 23, 2026.  5 U.S.C. § 552(a)(6)(E)(ii)(I).  Defendants have not responded to Plaintiff's request for expedited processing.

19.    The twenty-working-day statutory deadline for Defendants to render a determination on Plaintiff's FOIA request expired on or about April 9, 2026.  5 U.S.C. §

6

552(a)(6)(A)(i).  Defendants have not rendered any determination on Plaintiff's request, have not produced any responsive records, and have not responded to Plaintiff's request for a fee waiver.

20.    Plaintiff has exhausted the applicable administrative remedies.  Because Defendants have failed to comply with the applicable time limits under 5 U.S.C. § 552(a)(6)(A)(i) and § 552(a)(6)(E)(ii)(I), Plaintiff is deemed to have exhausted its administrative remedies.  5 U.S.C. § 552(a)(6)(C)(i).

## CAUSES OF ACTION

### COUNT I

### Violation of the Freedom of Information Act
### for Failure to Grant Expedited Processing

21.    Plaintiff repeats and realleges paragraphs 1-20.

22.    Plaintiff established its entitlement to expedited processing in its submission to Defendants.

23.    Defendants have violated the FOIA by failing to respond to Plaintiff's request for expedited processing within the ten calendar days required by 5 U.S.C. § 552(a)(6)(E)(ii)(I).

24.    Plaintiff has exhausted the applicable administrative remedies with respect to Defendants' failure to grant expedited processing of Plaintiff's request.

25.    Plaintiff is entitled to injunctive relief with respect to the expedited processing of the requested agency records.

### COUNT II

### Violation of the Freedom of Information Act
### for Wrongful Withholding of Agency Records

26.    Plaintiff repeats and realleges paragraphs 1-20.

27.    Plaintiff has exhausted the applicable administrative remedies with respect to Defendants' failure to render a determination on Plaintiff's FOIA request.

7

28.    Defendants have wrongfully withheld the requested records from Plaintiff by failing to comply with the statutory time limit for rendering a determination on Plaintiff's FOIA request.  5 U.S.C. § 552(a)(6)(A)(i).

29.    Plaintiff is entitled to injunctive relief with respect to the release and disclosure of the requested records.

### REQUESTED RELIEF

WHEREFORE, Plaintiff prays that this Court:

1.    order Defendants to grant Plaintiff's request for expedited processing and to process immediately the requested records in their entirety;

2.    order Defendants, upon completion of such processing, to disclose the requested records in their entirety and make copies available to Plaintiff;

3.    order Defendants to waive all fees associated with the processing and release of the requested records;

4.    award Plaintiff its costs and reasonable attorney's fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

5.    grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated:  April 22, 2026

/s/ Aaron Mackey
 Aaron Mackey

AARON MACKEY, D.C. Bar No. 1017004
Electronic Frontier Foundation
815 Eddy Street
San Francisco, CA  94109
 (415) 436-9333
amackey@eff.org

8

DAVID L. SOBEL, D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W. Suite 640
Washington, DC 20015
(202) 246-6180

*Counsel for Plaintiff Electronic Frontier
Foundation*

9