UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER FOUNDATION,

Plaintiff,

v.

U.S. DEPARTMENT OF HOMELAND
SECURITY, et al.,

Defendants.

Civil Action No. 26-1368 (AHA)

## **ANSWER**

Defendants, the Department of Homeland Security and its component Immigration and Customs Enforcement, by and through undersigned counsel, hereby respond to the Complaint filed by Plaintiff Electronic Frontier Foundation alleging violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*.

To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendants may refer to such materials for their accurate and complete contents in response; however, Defendants' references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action. Defendants expressly deny all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer. When a textual sentence is followed by a citation or citations, the textual sentence and its accompanying citation are referred to as one sentence. Any allegation of the Complaint that is not specifically admitted or otherwise directly responded to is denied. Defendants respond to the Complaint in like numbered paragraphs as follows:

## COMPLAINT FOR INJUNCTIVE RELIEF[1]

1.      The allegations of this paragraph contain Plaintiff's summary of this action to which no response is required.  To the extent a response to this paragraph is required, Defendants admit that this is an action brought under the FOIA by Plaintiff against Defendants, but in all other respects Defendants deny.

## JURISDICTION AND VENUE

2.      This paragraph contains conclusions of law regarding jurisdiction to which no response is required.  To the extent a response is deemed required, Defendants admit that this Court has jurisdiction over claims involving proper FOIA requests, subject to the terms and limitations of the FOIA.

## PARTIES

3.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained within this paragraph.

4.      The Department of Homeland Security ("DHS") admits that it is an agency within the meaning of 5 U.S.C. § 552(f).  The remainder of the allegations in Paragraph 4 consist of conclusions of law to which no response is required.

5.      Immigration and Customs Enforcement ("ICE") admits that it is a component within the DHS within the meaning of 5 U.S.C. § 552(f).  The remainder of the allegations in Paragraph 5 consist of conclusions of law to which no response is required.

---

[1]     For ease of reference, Defendants' Answer replicates the headings contained in the Complaint.  Although Defendants believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

**FACTS**

6.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

7.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

8.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

9.      The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

10.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

11.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

12.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

13.     The allegations in this paragraph do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent pursuant to Rule 12(f).

**PLAINTIFF'S FOIA REQUEST AND REQUEST FOR EXPEDITED PROCESSING**

14.     Deny as to DHS.  DHS never received the alleged FOIA request from Plaintiff. Plaintiff's allegation in this paragraph cites only to an ICE FOIA tracking number.  Defendant ICE admits that it received a FOIA request dated March 13, 2026, and assigned it control number 2026-ICFO-20539.  Defendants respectfully refer the Court to the text of Plaintiff's FOIA request for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

15.     Deny as to DHS.  DHS never received the alleged FOIA request from Plaintiff. Defendant ICE admits that a request for expedited processing was made in FOIA request 2026-ICFO-20539.  Defendants respectfully refer the Court to the text of Plaintiff's FOIA request for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

16.     Deny as to DHS.  DHS never received the alleged FOIA request from Plaintiff. Defendant ICE admits that a request for fee waiver was made in FOIA request 2026-ICFO-20539. Defendants respectfully refer the Court to the text of Plaintiff's FOIA request for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

17.     Deny as to DHS.  DHS never received the alleged FOIA request from Plaintiff. Defendant ICE admits that it received FOIA request 2026-ICFO-20539 through its SecureRelease platform on or about March 13, 2026. Defendants respectfully refer the Court to the text of Plaintiff's FOIA request for a full and accurate statement of its contents and deny all allegations inconsistent therewith.

18.     Deny as to DHS.  DHS never received the alleged FOIA request from Plaintiff. Defendant ICE admits that due to a lapse in appropriations for the agency no response was sent to

Plaintiff. The remaining allegations in Paragraph 18 consist of legal conclusions to which no response is required. To the extent a response is deemed required, Defendants respectfully direct the Court to the provisions of the FOIA and deny all allegations inconsistent therewith.

19.    The allegations in Paragraph 19 consist of conclusions of law to which no response is required. To the extent a response is deemed required, Defendants deny.

20.    The allegations in Paragraph 20 consist of conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

## CAUSES OF ACTION

### Count 1

### Violation of the Freedom of Information Act
### for Failure to Grant Expedited Processing

21.    Defendants incorporate their responses to paragraphs 1-20 as if set forth fully herein.

22.    This paragraph contains Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

23.    This paragraph contains Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

24.    This paragraph contains Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

25.    This paragraph contains Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

## COUNT II

### Violation of the Freedom of information Act
### for Wrongful Withholding of Agency Records

26.     Defendants incorporate their responses to paragraphs 1-20 as if set forth fully herein.

27.     This paragraph contains Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

28.     This paragraph contains Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

29.     This paragraph contains Plaintiff's conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny.

### REQUEST FOR RELIEF

The remainder of the Complaint consists of Plaintiff's Prayer for Relief, to which no response is required.  Defendants deny that Plaintiff is entitled to the relief requested in these paragraphs or elsewhere in the Complaint.

### GENERAL DENIAL

Defendants deny any and all allegations of the Complaint, whether express or implied, that are not expressly admitted herein.

### DEFENSES

Defendants respectfully request and reserve the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendants through the course of the litigation.  Defendants do not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

- 6 -

## FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by FOIA.  5 U.S.C. § 552.

## SECOND DEFENSE

Plaintiff is not entitled to compel the production of any record or portions thereof protected from disclosure by one or more exclusions or exemptions of the FOIA, 5 U.S.C. § 552(b), the Privacy Act, 5 U.S.C. § 552a, or other applicable law.

## THIRD DEFENSE

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

## FOURTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.

## FIFTH DEFENSE

Plaintiff is not entitled to declaratory relief.  5 U.S.C. § 552(a)(4)(B).

## SIXTH DEFENSE

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendants' responses to the FOIA requests at issue, the Complaint violates Rule 8(a)(2) by alleging information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).  *See Mich. Immigr. Rts. Ctr. v. Dep't of Homeland Sec.*, Civ. A. No. 16-14192, 2017 WL 2471277, at *3 (E.D. Mich. June 8, 2017) (deeming stricken under Rule 12(f) background facts alleged in a FOIA complaint: "In this unique context, requiring Defendants to answer allegations in Plaintiff's

complaint that they would not otherwise be required to answer, and that are not material to Plaintiff's FOIA claim, would prejudice Defendants."); *Robert v. Dep't of Just.*, Civ. A. No. 05-2543, 2005 WL 3371480, at *11 (E.D.N.Y. Dec. 12, 2005) (striking allegations of background facts; concluding that plaintiff's "allegations are irrelevant to the validity of [his] FOIA claims").

## SEVENTH DEFENSE

Defendants have not improperly withheld records requested by Plaintiff under the FOIA.

## EIGHTH DEFENSE

Defendants' actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

## NINTH DEFENSE

Plaintiff is not entitled to expedited processing of its FOIA requests under 5 U.S.C. § 552(a)(6)(E).

## TENTH DEFENSE

Defendants have exercised due diligence in processing Plaintiff's FOIA requests and exceptional circumstances exist that necessitate additional time for Defendants to continue its processing of Plaintiff's FOIA requests.  5 U.S.C. § 552(a)(6)(C).

\* \* \*

**ELEVENTH DEFENSE**

Plaintiff has failed to exhaust its administrative remedies with respect to its claim against

Defendant DHS.

Dated: July 8, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:       */s/ Mason D. Bracken*
      MASON D. BRACKEN
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2523
      mason.bracken@usdoj.gov

*Attorneys for the United States of America*