UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELECTRONIC FRONTIER FOUNDATION,

      Plaintiff,

      v.

DEPARTMENT OF HOMELAND
SECURITY, et al.,

      Defendants.

Civil Action No. 26-1368 (AHA)

## JOINT STATUS REPORT

Pursuant to the Court's Standing Order, ¶ 3.D (ECF No. 5), Plaintiff Electronic Frontier Foundation ("EFF") and Defendants Department of Homeland Security ("DHS") and its component Immigration and Customs Enforcement ("ICE"), by and through undersigned counsel, respectfully submit the Parties' first joint status report. This case concerns Plaintiff's Freedom of Information Act ("FOIA") request for records submitted on March 13, 2026, and its accompanying application for expedited processing. *See* Compl. (ECF No. 1). Counsel for the Parties have conferred. The Parties' respective statements follow.

### DEFENDANTS' STATEMENT

**A. Receipt of the FOIA Requests**

Defendants state that the Parties have conferred beginning in late May 2026 concerning DHS's receipt of the FOIA request. DHS denied receiving the request and took the position that only ICE received the March 13, 2026 request. Plaintiff disagreed, and it insisted its single submission of the March 13, 2026, FOIA request to the ICE FOIA portal satisfied the requirement to also submit the request to DHS or, that ICE should have forwarded the request to DHS. DHS disagreed with Plaintiff's position. In any event, perhaps acknowledging the issue with its FOIA request, Plaintiff re-submitted the same FOIA request to DHS on June 9, 2026, and DHS sent Plaintiff an

acknowledgement letter via email on June 11, 2026. DHS has agreed to process the June 9, 2026, FOIA request. However, DHS reports that, for purposes of where the request sits in its queue of first-in, first-out processing, Plaintiff's FOIA request entered its queue as of June 9—not the earlier attempt to submit on March 13, 2026. Furthermore, Plaintiff's June 9, 2026, FOIA request is not the subject of this Complaint.

### B.  Status of the FOIA Requests

Defendants report that the status of Plaintiff's FOIA requests is as follows.

**<ins>DHS</ins>**

DHS reports that Plaintiff's June 9, 2026, FOIA request recently entered its first-in, first-out processing queue. DHS has begun its search. Due to recent submission of this request and the backlog of work faced by its FOIA Office, DHS reports that it needs additional time to conduct a search for responsive documents. Once DHS has conducted its search, it will be able to report the number of potentially responsive documents and a proposed schedule for production. Once DHS's search is complete, DHS will process at a rate of 500 pages per month.

**<ins>ICE</ins>**

ICE has reviewed its administrative file and has tasked relevant components to search for potentially responsive records to the March 13, 2026, FOIA request. On July 20, 2026, ICE tasked its Office of the Principal Legal Advisor (OPLA), Enforcement and Removal Operations (ERO), Office of Congressional Relations (OCR), and Homeland Security Investigations (HSI), to search for responsive records. Those search taskings are currently outstanding, so the number of potentially responsive records is not currently known. ICE intends, once the searches are completed, to process records at a rate of 500 pages per month.

At this time, Defendants do not seek or plan to seek a stay of proceedings pursuant to 5 U.S.C. § 552(a)(6)(C), and *Open America v. Watergate Special Prosecution Force*, 547 F.2d 605 (D.C. Cir. 1976). Defendants reserve the right to request such a stay at a later time.

### C. Plaintiff's Attempt To Litigate Via Joint Status Report Is Inappropriate

Below, Plaintiff unnecessarily has advanced a variety of substantive arguments and requests for injunctive relief. Plaintiff did not disclose these requests to Defendants until today. Defendant respectfully submits that a joint status report's proper purpose is to concisely update the Court on the status of the case and to identify matters that may warrant further proceedings—not to litigate the merits. A joint status report may precipitate a schedule for such further proceedings as the Court deems appropriate, but ordering an agency in a FOIA case to complete an action in response to a joint status report alone is far different than the Court addressing scheduling matters for the parties. Defendants' portions of this joint status report are prepared with these principles in mind. Defendants' declination to engage herein with particular assertions by Plaintiff should not be construed as conceding their validity. To the extent that the Court wishes for the Parties to engage on the various points that Plaintiff has advanced herein, Defendants will do so in an appropriate manner pursuant to a schedule that the Court sets, and will not further burden this report or the Court at this time with such discussions before the Court has indicated that they are warranted. And, should the Court be inclined to consider Plaintiff's requests for injunctive relief at this time, the Court should treat the request as a motion per Federal Rule of Civil Procedure 7(b)(1)—which requires that "[a] request for a court order must be made by motion"—and afford Defendant the opportunity to respond within the period set forth in Local Civil Rule 7 before deciding the issue. This would provide Defendants the opportunity to

appropriately prepare their response, gather factual materials if needed, and address the merits to Plaintiff's short, drive-by, procedurally improper requests for injunctive relief.

Furthermore, the matter of expedited processing is moot. Defendant has begun processing the FOIA requests, initiating their searches described above. Thus, Plaintiff's request below for a briefing schedule regarding expedited processing is unnecessary. Expedition, when granted, entitles requesters to move ahead of the ordinary processing queue, but behind earlier-filed expedited requests. *See* 5 U.S.C. § 552(a)(6)(E); *Elec. Priv. Info. Ctr. v. Dep't of Def. ("EPIC I")*, 355 F. Supp. 2d 98, 104 (D.D.C. 2004); *Landmark Legal Found. v. EPA*, 910 F. Supp. 2d 270, 275 (D.D.C. 2012) ("[A]n award of expedited processing only moves the plaintiff's request to the front of the agency's processing queue.") (citation and internal quotation marks omitted). Because processing has begun, the request for expedited processing is now moot. Defendants reserve the right to otherwise respond to this request for injunctive relief made just today.

Defendants propose that the Court permit the Parties to submit another joint status report in ninety days, on October 20, 2026, updating the Court on the status of the processing of Plaintiff's FOIA requests.

### PLAINTIFF'S STATEMENT

1. EFF's March 13, 2026 request seeks records concerning Defendants' use of administrative subpoenas issued under 19 U.S.C. § 1509 and 8 U.S.C. § 1225(d) to compel technology companies—including Google, Meta, Reddit, and Discord—to disclose identifying information about anonymous internet users who have criticized or documented ICE enforcement activity. The requested records include the agencies' legal analyses of their subpoena authority, internal approval and oversight procedures, statistical records of the subpoenas issued, and related communications with the recipient companies. These subpoenas issue without prior judicial

authorization, and when individual targets have challenged them in court, the agencies have withdrawn the challenged subpoenas before any court could rule on their lawfulness.

2.  The request was accompanied by an application for expedited processing, supported by the certification required by 6 C.F.R. § 5.5(e)(3). As the application set out, EFF is an organization "primarily engaged in disseminating information"—a status DHS has formally recognized by stipulation, *see Electronic Frontier Foundation v. DHS*, No. 06-1988 (ESH) (D.D.C. Feb. 27, 2007)—and there is urgency to inform the public concerning this ongoing program: it has been the subject of extensive national news coverage and of a March 2, 2026 letter from twenty-eight Members of Congress, and the agencies' practice of withdrawing each challenged subpoena has foreclosed judicial review of the practice, leaving disclosure under FOIA as the principal means of public accountability.

3. EFF submitted the request to ICE and DHS on March 13, 2026, and ICE assigned tracking number 2026-ICFO-20539. In their Answer (ECF No. 10 ¶¶ 14-18), Defendants admit that ICE received the request, that ICE has issued no determination on the request or on the expedition application, and that ICE has produced no records. The statutory deadlines for a determination on expedited processing, 5 U.S.C. § 552(a)(6)(E)(ii)(I) (ten calendar days), and on the request itself, *id.* § 552(a)(6)(A)(i) (twenty working days), expired months ago. As Defendants' statement reflects, ICE first tasked its components to search for responsive records on July 20, 2026—more than four months after it received the request, and two days before this report was due.

4.  EFF welcomes DHS's agreement to process the request EFF protectively resubmitted on June 9, 2026 (DHS No. 2026-HQFO-02964), but does not agree that the receipt issue is "resolved." The March 13 request was addressed to both DHS and ICE, and upon ICE's receipt, 6

C.F.R. § 5.4(c) obligated ICE to route the request to the appropriate DHS component. The request has accordingly been pending before DHS since March 13, 2026, not June 9, and DHS's placement of the request in its queue as of the later date is incorrect. Defendants' statement also does not indicate whether DHS withdraws the Eleventh Defense asserted in the Answer; if that defense is maintained, EFF will move for leave to file a supplemental complaint under Federal Rule of Civil Procedure 15(d). The Court need not resolve the queue-position question separately, however, because it is subsumed by Count I: if EFF's request is entitled to expedited processing, first-in, first-out ordering does not apply to it at all. *See* 5 U.S.C. § 552(a)(6)(E)(iii).

5.  The Standing Order directs the Parties to report the status of Plaintiff's FOIA request, the anticipated number of responsive documents, and the anticipated date(s) for release of the documents. Standing Order ¶ 3.D. EFF requested this information from Defendants' counsel on July 15, 2026, and again on July 21, 2026; it was provided for the first time in Defendants' draft of this report late last night. As Defendants' statement reflects, DHS has not yet begun a search, ICE's search taskings remain outstanding, and neither agency identifies a date by which its searches will be completed, an estimate of responsive volume, or any anticipated release date. A commitment to process 500 pages per month beginning at an unspecified future time, with no further report to the Court for ninety days, is not a processing schedule.

6. EFF requests that the Court first order Defendants to state how long processing will take. Specifically, EFF requests that Defendants be ordered to complete their searches promptly and, by August 5, 2026, to file a processing schedule identifying, for each agency: (a) the date by which its search will be completed; (b) the estimated volume of potentially responsive records; (c) the monthly rate at which it will process those records; and (d) anticipated date(s) for interim and final release of responsive, non-exempt records. More than four months have elapsed without

either agency completing so much as a search; a further ninety-day interval without these interim obligations, as Defendants propose, is not appropriate. EFF further proposes that the Parties file joint status reports every thirty days, with the next report due August 21, 2026.

7. In addition, Defendants' statement does not address expedited processing, which is the subject of Count I of the Complaint. Neither agency has adjudicated EFF's March 13 expedition application. Count I presents a discrete threshold question that is reviewed *de novo* and, because neither agency acted on the application, on a closed record. *See* 5 U.S.C. § 552(a)(6)(E)(iii); *Al-Fayed v. CIA*, 254 F.3d 300, 305, 308 (D.C. Cir. 2001). Its resolution will determine the pace at which Defendants must process the request—including whether the queue placement and 500-page monthly rate described in Defendants' statement have any application. EFF accordingly proposes that the Court also set a briefing schedule for Count I at this stage: EFF would file its motion for partial summary judgment by August 12, 2026, with Defendants' opposition due September 2, 2026, and EFF's reply due September 16, 2026. EFF welcomes the Court's guidance on the sequencing of that briefing in relation to the processing schedule requested above.

8. Finally, EFF notes Defendants' statement that they do not seek or plan to seek a stay of proceedings under 5 U.S.C. § 552(a)(6)(C), and agrees that no basis for such a stay exists. Should Defendants nonetheless seek that relief at a later time, the statute permits it only upon a showing that "exceptional circumstances exist and that the agency is exercising due diligence in responding to the request," 5 U.S.C. § 552(a)(6)(C)(i); *see Open America v. Watergate Special Prosecution Force*, 547 F.2d 605, 616 (D.C. Cir. 1976), and any such motion should be briefed on the same schedule as EFF's Count I motion.[1]

---

[1] While objecting that a status report is not the forum for substantive argument, Defendants' statement itself advances merits contentions—among them, that EFF's expedited-processing claim is "moot" because the agencies' searches have now begun. Defendants' own authority refutes the point: expedited processing "moves the plaintiff's request to the front of the agency's processing

Dated: July 22, 2026

Respectfully submitted,

  /s/ *David L. Sobel*                          JEANINE FERRIS PIRRO
DAVID L. SOBEL                                United States Attorney
D.C. Bar No. 360418
5335 Wisconsin Avenue, N.W., Suite 640        By: */s/ Mason D. Bracken*
Washington, DC 20015                              MASON D. BRACKEN
(202) 246-6180                                    Assistant United States Attorney
sobel@eff.org                                     601 D Street, N.W.
                                                  Washington, D.C. 20530
                                                  Telephone: (202) 252-2523
AARON MACKEY                                      mason.bracken@usdoj.gov
D.C. Bar No. 017004
ELECTRONIC FRONTIER FOUNDATION                Attorneys for the United States of America
815 Eddy Street
San Francisco, CA 94109
(415) 436-9333
amackey@eff.org

Counsel for Plaintiff

---

queue," *Landmark Legal Found. v. EPA*, 910 F. Supp. 2d 270, 275 (D.D.C. 2012)—treatment Defendants' statement confirms EFF's request is not receiving. EFF will address the contention in the Count I briefing proposed above. Nor does EFF seek any injunctive relief beyond that requested in the Complaint (ECF No. 1, Prayer for Relief); proposing schedules for processing, reporting, and briefing is the ordinary function of a report under the Standing Order, ¶ 3.D.